# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROLANDO R. JIMENEZ,
                    Appellant,

           v.

DEPARTMENT OF HOMELAND
    SECURITY,
                    Agency.

DOCKET NUMBER
DC-3443-14-0504-I-1

DATE: August 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rolando R. Jimenez, Silver Spring, Maryland, pro se.

Lisa A. Bernstein, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant, a GS-14 Immigration Officer, filed an appeal with the Board alleging that the agency discriminated against him based on race and national origin and retaliated against him for current or prior equal employment opportunity (EEO) activity when: (1) agency officials did not interview or select him for one of three supervisory positions; (2) he had to involuntarily withdraw his application for another position because two agency officials joined the interview panel to discriminate against him and take reprisal against him; (3) the agency's chief security officer failed to issue a final decision on his request for review of a denial for access to Sensitive Compartmented Information (SCI); and (4) agency officials did not select him for details requiring Top Secret/SCI clearance, and he was deterred from applying for such positions. *See* Initial Appeal File (IAF), Tab 1 at 1-3; *see also id.* at 8-11.

¶3        In an acknowledgment order, the administrative judge notified the appellant that the Board may not have jurisdiction over his nonselection claims and provided the three exceptions to the general rule that an unsuccessful candidate

for a civil service job has no right to appeal his nonselection to the Board.  IAF, Tab 2 at 2-3.  The appellant responded but did not assert that he met any of the three exceptions.  *See* IAF, Tab 6.  In an initial decision dated May 6, 2014, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID).

¶4        Over 10 months later, on March 16, 2015, the appellant submitted a "Pleading for Due Process Regarding the Initial Decision."  Petition for Review (PFR) File, Tab 1.  Therein, he claimed that he never received a copy of the initial decision and that he only became aware that a decision had been issued when, on February 21, 2015, he received the Board's final order in a separate appeal, which mentioned that the initial decision in this appeal had been issued on May 6, 2014, and became final on June 10, 2014, after neither party filed a petition for review.  *Id.* at 1-2; *see also Jimenez v. Department of Homeland Security*, MSPB Docket No. DC-3443-14-0868-I-1, Final Order at 3 n.2 (Feb. 19, 2015).  The Clerk of the Board advised the appellant that it was not clear if his March 16, 2015 correspondence was intended as a petition for review of the initial decision and allowed him an opportunity to clarify his intention.   PFR File, Tab 2.  He submitted a new document styled as a petition for review, which the Clerk of the Board rejected because it exceeded the page limit set forth in the Board's regulations.  *See* PFR File, Tab 3; *see also* 5 C.F.R. § 1201.114(h).  He then submitted a corrected petition for review, which the Board received on April 16, 2015.  PFR File, Tab 4 at 1.  The agency responded in opposition to the petition for review, arguing, inter alia, that it should be dismissed as it was untimely filed by nearly a year.  PFR File, Tab 7 at 8-11.  The appellant replied to the agency's opposition, asserting again that he did not receive the initial decision and arguing that he had "exercised due diligence or ordinary prudence under the particular circumstances of this instant case."  PFR File, Tab 8 at 8-9.

¶5        A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial

decision was received more than 5 days after it was issued, within 30 days after he received it.  5 C.F.R. § 1201.114(e).  The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).

¶6      Assuming, without deciding, that the appellant can establish good cause for his untimely filed petition for review, we find that he has established no basis to disturb the initial decision.  On review, the appellant argues again that the agency violated the merit systems principles by not selecting him for various positions and details; by causing him to involuntarily withdraw his application for another position because of a perceived conflict of interest with two of the individuals on the interview panel who he had previously filed discrimination complaints against; and by advertising a detail that required a Top Secret/SCI clearance and then selecting at least one candidate without a Top Secret/SCI clearance, while the appellant did not apply for the position because he had only a Top Secret clearance.[2]  *See id.* at 12-35.

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The Board lacks direct jurisdiction under 5 U.S.C. § 7512 over an employee's nonselection for a position.  *See Becker v. Department of Veterans Affairs,* 107 M.S.P.R. 327, ¶ 5 (2007).  As the administrative judge informed the appellant, despite the general lack of Board jurisdiction, an appellant may appeal a nonselection by other statutory means, such as the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act

---

[2] The appellant does not appear to renew his allegation that the agency discriminated and retaliated against him by failing to issue a final decision after he requested review of its security clearance determination.  *See* PFR File, Tabs 4, 8.  In any event, the administrative judge correctly found that the Board lacks jurisdiction to consider the merits of an agency's determination of access to classified information.  ID at 4; *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1186 (Fed. Cir. 2013).

of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), or through an individual right of action (IRA) appeal. *See Becker*, 107 M.S.P.R. 327, ¶ 5; IAF, Tab 2 at 2-3. Here, the appellant has not raised claims under VEOA or USERRA and has failed to establish Board jurisdiction over an IRA appeal, which requires, inter alia, exhaustion of administrative remedies before Office of Special Counsel (OSC). *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Although the appellant claims that he exhausted his administrative remedies by contacting the OSC on multiple occasions and provides copies of OSC correspondence, there is no evidence that he exhausted his administrative remedies in connection with the allegations raised in this appeal.[3] PFR File, Tab 4 at 12, 38-48. Thus, the appellant has not shown that he made a nonfrivolous allegation of jurisdiction over his nonselection appeal based on any of the exceptions to the general rule stated above.

¶8      Furthermore, the appellant's remaining claims that the agency violated the merit system principles and committed various prohibited personnel practices do not alter the conclusion that the Board lacks jurisdiction over this appeal. As correctly noted by the administrative judge, absent an otherwise appealable action, the Board lacks jurisdiction over claims of prohibited personnel practices under 5 U.S.C. § 2302(b). *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). The merit system principles are also not an independent source of Board jurisdiction. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007).

---

[3] Based on OSC's October 21, 2014 preliminary determination letter, it appears that the appellant, in his OSC complaint, alleged that the agency failed to pay him for overtime worked, that he was not afforded an opportunity to do a 30-day rotation to a higher-graded position, and that the agency failed to give him a mid-year performance review. PFR File, Tab 4 at 47.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.